UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL HICKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01087-WTL-DML |
| | ) | |
| USA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255 and Denying a Certificate of Appealability**

For the reasons explained in this Entry, the motion of Michael Hicks for relief pursuant to 28 U.S.C. § 2255 must be denied and this action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

On June 15, 2011, Hicks was charged in a nine-count multi-defendant Indictment. Hicks was charged in Count One with conspiracy to possess with intent to distribute and distribution of 5 kilograms or more of cocaine. Count Two charged Hicks with conspiracy to possess with the intent to distribute and distribution of 280 grams or more of cocaine base. Count Seven charged Hicks with possessing with the intent to distribute 28 grams or more of cocaine base. Count Eight charged Hicks with possession with the intent to distribute cocaine. On January 23, 2013, the United States filed an Information pursuant to 21 U.S.C. § 851(a)(1), documenting Hicks' prior felony drug conviction.

On March 19, 2014, Hicks filed a petition to enter a plea of guilty and a plea agreement. Hicks' Plea Agreement was filed pursuant to Rule 11(c)(1)(C) of the *Federal Rules of Criminal*

*Procedure*. The Plea Agreement provided that Hicks would plead guilty to Count One of the Indictment. The Plea Agreement provided that the parties agreed to a recommendation of 240 months imprisonment would be made to the Court. The parties agreed that the amount of fine and term of supervised release would be left to the discretion of the Court. Hicks agreed that if the Court rejected the plea agreement, the Court would advise him personally in open court that the Court is not bound by the plea agreement, afford him the opportunity to then withdraw the plea, and advise him that if he persists in a guilty plea that the disposition of the case may be less favorable to him than that contemplated by the plea agreement. The Plea Agreement provided that the government would move to dismiss Counts Two, Seven, and Eight at sentencing.

The government agreed to refrain from filing a second Information pursuant to 18 U.S.C. § 851 alleging that Hicks has a second prior felony drug conviction, in exchange for Hick's plea of guilty. The parties agreed that if the second Information were filed, Hicks's penalties would become a mandatory term of life imprisonment, a fine of up to $20,000,000 and a term of supervised release of not less than ten years. In exchange for the concessions made by the Government and in the event that Hicks was sentenced to a total of 240 months imprisonment, Hicks "expressly waive[d] his right to appeal the conviction and any sentence imposed in this case on any and all grounds, . . . [and] expressly agree[d] not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255."

In the Petition, Hicks represented to the Court that he received a copy of the Indictment; read and discussed it with his attorney; his attorney was fully informed of the facts and circumstances of this case; his attorney informed, counseled and advised as to the nature and cause of every accusation and possible defenses in this case; his attorney advised him of the punishment;

he believed his attorney had done all that anyone could do to counsel and assist and he understood the proceedings in his case; he made no claim of innocence; he declared that his plea of guilty was freely, voluntarily and of his own accord; and that his attorney explained to him and he believed and understood the statements set forth in the Superseding Indictment, in his petition, and in the certificate of counsel.

Hicks's plea hearing was held on June 20, 2014. The Court advised Hicks of his rights and found that Hicks was competent to enter a plea of guilty and that it was made knowingly and willingly. The Court reviewed the stipulated factual basis, signed by Hicks, and took the plea agreement under advisement and set a sentencing date.

The Court sentenced Hicks to 240 months in prison, to be followed by ten years of supervised release. Hicks was also assessed the mandatory assessment of $100 and a fine of $1,500. The United States moved to dismiss Counts Two, Seven, and Eight of the Indictment and the Court granted the motion. The judgment of conviction was entered on July 10, 2014.

Following the terms of his plea agreement, Hicks did not appeal his sentence. But on July 10, 2015, Hicks filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. On July 14, 2015, the Court ordered the United States to respond to Hicks' 28 U.S.C. § 2255 motion.

## II. Discussion

Hicks seeks relief pursuant to § 2255 arguing that his counsel was ineffective for failing to give him proper notice of the government's intention to seek the § 851 enhancement which created a "pressured timetable" effectively altering the negotiated plea. He also claims that his counsel failed to give him notice of a memorandum from Attorney General Eric Holder to all U.S. Attorneys and Assistant U.S. Attorneys for the Criminal Division Regarding Department Policy on Charging Mandatory Minimum Sentences ("Holder Memorandum"). Hicks claims this would

have affected his decision to accept the plea agreement. The United States argues that Hicks waived these arguments in his plea agreement and that his counsel was not ineffective.

A. *Plea Waiver*

The United States first argues that that Hicks waived his right to challenge his conviction and sentence. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted).

A plea is voluntary "when it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea." *United States v. Jordan*, 870 F.2d 1310, 1316 (7th Cir. 1989) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)). A plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel. *Id.* "To determine if a defendant knew and understood the plea agreement, [the court] must examine the language of the plea agreement itself and also look to the plea colloquy between the defendant and the judge." *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010) (citing *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997); *United States v. Sura*, 511 F.3d 654, 661 (7th Cir.2007)). "[A] defendant is normally bound by the representations he makes to a court during the colloquy." *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant 'satisfies a heavy burden of persuasion.'" *United States v. Logan*, 244 F.3d 553, 558

(7th Cir. 2001). Here, Hicks has not shown that the waiver provision of his plea agreement is unenforceable. At the change of plea hearing, he affirmed that the plea was voluntary and not induced by threats or promises. He testified as follows:

> THE COURT: Are you offering this plea of guilty voluntarily and of your own free will?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Has anybody forced you to plead guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Has anybody threatened you if you did not plead guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: It's clear to me, Mr. Hicks, that you are fully competent and capable of entering this informed plea. You're aware of the nature of the charge against you and the consequences of pleading guilty. I will conclude that your plea of guilty is knowing and voluntary. And did not result from any type of force, threats or promises except those particular promises contained in the plea agreement.

*United States v. Hicks*, 1:11-cr-107-WTL-MJD-1 ("Cr. Dkt." 339 at 25). Hicks also acknowledged that he was aware of the charges against him and the consequences of those charges.

> THE COURT: In Count 1, the grand jury has charged that from in or around December of 2010, the exact date being unknown to the grand jury, and continuing through May of 2011, in the Southern District of Indiana, the Indianapolis Division, that you, Michael Hicks, also known as Savage, Charles Maurice Gamble, Travis Amigo Gamble, Miguel Nunez and Valentine Cruz, the defendants herein, did knowingly conspire together and with other persons known and unknown to the grand jury, to possess with the intent to distribute and to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance. All of that is alleged to be a violation of Title 21 of the United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii). Do you understand that is the formal charge levied against you?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you have any questions about that charge?

THE DEFENDANT: No, sir.

*Id.* at 7.

THE COURT: And also, by virtue of the filing of the information, pursuant to Title 21 of the United States Code, Section 851, alleging that you have a previous conviction for a felony drug offense, that you may be punished by a prison term of not less than 20 years, nor more than life imprisonment. I can fine you in an amount of not more than $20 million; and in addition to any term of imprisonment, I must also put you on supervised release for a period of at least ten years. Do you understand those penalties?

THE DEFENDANT: Yes, sir.

THE COURT: Are those the same penalties that you and Ms. Thomas have talked about?

THE DEFENDANT: Yes, sir.

*Id.* at 10. Hicks also affirmed that he was satisfied with his attorney's representation.

THE COURT: Do you feel that you've had sufficient time?

THE DEFENDANT: Yes, sir, I did.

THE COURT: Are you satisfied with her counsel, her representation, and the advice she's given you as your lawyer?

THE DEFENDANT: Yes, sir.

THE COURT: Is there anything you wanted her to do as your lawyer that Ms. Thomas has failed to do?

THE DEFENDANT: No, sir.

*Id.* at 24. Hicks also acknowledged that he was forfeiting his right to an appeal.

THE COURT: Paragraph 10 tells me that you understand that you have the statutory right to appeal your conviction, your sentence and the manner in which that sentence was determined. However, in exchange for the plea agreement, you are agreeing to waive or give up your right to appeal the conviction and any sentence imposed in this case on any grounds.

You are also agreeing not to contest or to seek to modify your conviction or sentence or the manner in which it was determined in any type of proceeding after today.

> And lastly, you're acknowledging that nobody has threatened you or promised you anything or made any representations to you of any agreements not contained in this plea agreement.
>
> So Mr. Hicks, is there anything that I just told you that is new?
>
> THE DEFENDANT: No.

*Id.* at 16.

In short, Hicks stated at his change of plea hearing that his plea, including the waiver of appeal, was free and voluntary and the Court so found. Hicks is therefore bound to the waiver provisions in his § 2255 motion.

B. *Ineffective Assistance of Counsel*

Hicks argues that the waiver provisions of his plea agreement are inapplicable to his claims because his counsel was ineffective in the negotiation of the plea agreement. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* Hicks argues that his counsel was ineffective by failing to give him proper notice of the government's intention to seek the § 851 enhancement which created a pressured timetable effectively altering the negotiated plea. He also claims that his counsel failed to give him notice of the Holder Memorandum.

First, Hicks's undeveloped argument that his attorney failed to give him proper notice of the government's intention to seek the § 851 enhancement is insufficient to show that he is entitled to relief under § 2255. This argument amounts to an argument that his plea was not knowing and voluntary. But, as discussed above, Hicks testified at his change of plea hearing that his plea was knowing and voluntary. He was aware of the direct consequences of the plea and was not induced by threats or misrepresentations to enter the plea. *See Jordan*, 870 F.2d at 1316. He has provided no reason to ignore this finding. He also testified that he was satisfied with his counsel's representation of him:

> THE COURT: Are you satisfied with her counsel, her representation, and the advice she's given you as your lawyer?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is there anything you wanted her to do as your lawyer that Ms. Thomas has failed to do?
>
> THE DEFENDANT: No, sir.

Further, his argument is insufficient to show that his attorney was ineffective. While the plaintiff asserts that this created "a pressured timetable," he does not show or argue how this alleged deficiency prejudiced his case. Specifically, he does not show how the result would have been different had his counsel been more prompt than he alleges and he does not show or argue that he would not have pled guilty or that he would have received a more favorable sentence if his counsel had not been ineffective in the way he alleges. *See Hutchings v. United State*, 618 F.3d 693, 697 (7th Cir.2010) ("We find that Hutchings's ineffective assistance claim fails because he did not adequately show that he would not have pled guilty even had his attorney fully explained to him that a Rule 35 motion to reduce his sentence was not guaranteed."). He therefore has not shown that his counsel was ineffective or that he was prejudiced by any alleged ineffectiveness.

Next, Hicks's argument that counsel did not notify him of the Holder Memorandum is based on his assumption that this Memorandum would have changed the plea offered to him. But Hicks has not established the Memorandum would apply to the charges against him or that the prosecuting attorney did not follow the dictates of that memo. "[I]t is axiomatic that the government is not bound to discuss, much less enter into, a plea agreement." *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000). "[T]he successful negotiation of a plea agreement involves factors beyond the control of counsel [including] the cooperation of the prosecutor, who has no obligation to offer such an agreement." *Id. See also United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993). "The terms of plea bargains are within the discretion of the United States Attorney." *United States v. Zendeli*, 180 F.3d 879, 886 (7th Cir. 1999). Because defense counsel cannot alter the plea offered to a defendant, there was no ineffectiveness in allegedly failing to notify Hicks of the Holder Memorandum.

## III. Conclusion and Certificate of Appealability

For the reasons explained above, Hicks is not entitled to relief on his § 2255 motion. There was no effective assistance of counsel and his sentence is not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:11-cr-107-WTL-MJD-1**.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Hicks has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 4/26/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL HICKS
10169-028
SPRINGFIELD - MCFP
SPRINGFIELD MEDICAL CENTER/FEDERAL PRISONERS
Inmate Mail/Parcels
P.O. BOX 4000
SPRINGFIELD, MO 65801

All electronically registered counsel